IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK D. SHENKAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-299 |
| | ) | |
| JOHN POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

CONTI, District Judge

In this memorandum order, the court considers plaintiff Mark D. Shenkan's ("plaintiff" or "Shenkan") amended motion to open judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. After considering the motion, the briefs submitted by plaintiff and defendant John Potter, Postmaster General ("defendant") and the exhibits attached thereto, the court will deny plaintiff's motion.

***Facts and Procedural History***

On February 13, 2001, plaintiff filed a complaint with this court against defendant alleging one count of "discrimination based on improper medical inquiries and examinations" and one count of "discrimination based on improper refusal to hire and failure to accommodate" in violation of "the Americans with Disabilities Act, 42 U.S.C. § 12112(d), as incorporated into the Rehabilitation Act, 29 U.S.C. §§ 791(g) and 794(b), as well as federal regulations implementing the Rehabilitation Act set forth at 29 C.F.R. §§ 1614.203(b), (e) and 29 C.F.R. § 1630.00 et seq." Compl. at 8, 10. On October 11, 2001, defendant filed a motion to dismiss plaintiff's complaint in its entirety.

On January 7, 2002, plaintiff filed a motion under Rule 56(f) of the Federal Rules of Civil Procedure requesting a limited period of discovery. On March 6, 2002, this court granted plaintiff's motion and ruled that plaintiff was entitled to 90 days of limited discovery, including two depositions and 25 interrogatories to be served on defendant.

On August 15, 2002, this court, in a written opinion, granted defendant's motion to dismiss and administratively closed the case. The court held that plaintiff's two individual claims of discrimination on November 28, 1995, and in or about November of 1997 were actionable. Plaintiff, however, did not contact an EEO counselor until three years after the first act and four months after the second act occurred. The court found, therefore, that plaintiff's claims were barred under the applicable administrative requirements[1]. The court also rejected

[1]The court cited to C.F.R. § 1614.105(a). It states: [a]n aggrieved person must initiate contact with a [c]ounselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1).

plaintiff's claims of a continuing violation theory because plaintiff could not show that at least one act of discrimination occurred within the filing period, i.e., 45 days prior to March 17, 1998, the day plaintiff contacted an EEO counselor. In addition, the court held that the allegations in the complaint also could not support a continuing violation theory. The court noted that each of the two decisions not to hire plaintiff were for different reasons, the decisions were made by two different Postal Service facilities, and plaintiff was denied employment on two different occasions, supporting the notion that the two events were isolated incidents. Finally, the court, following applicable precedent, rejected plaintiff's attempts to apply the systemic violation theory of the continuing violation doctrine to this case.

On September 9, 2002, plaintiff filed a notice of appeal with the United States Court of Appeals for the Third Circuit. On August 27, 2003, the Court of Appeals issued an opinion affirming the order of the district court. The court of appeals agreed with the district court that plaintiff is "really complaining of two failures to hire, which are 'isolated, intermittent acts of discrimination'." Shenkan v. Potter, 71 Fed. Appx. 893, 895 (3d Cir. 2003)(quoting West v. Phila. Elec. Co., 45 F.3d 744, 755 (3d Cir. 1995)). The court held that such events "are 'not susceptible to a continuing violation analysis'." Shenkan, 71 Fed. Appx. at 895 (quoting Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483-84 (3d Cir. 1997)).

Plaintiff subsequently appealed the case to the United States Supreme Court. On March 1, 2004, the Court denied plaintiff's petition for certiorari. On March 1, 2005, plaintiff filed a motion with this court requesting to open judgment pursuant to Rule 60(b)(1-3). On August 31, 2005, the court held a hearing on that motion. On that same day, mere hours prior to the commencement of the hearing, plaintiff filed an "Amended Motion to Open Judgement Pursuant

to Rule 60(B) (sic) and Set Up a Briefing Schedule." In that amended motion, plaintiff, for the first time, indicated that he was seeking relief under Federal Rule of Civil Procedure 60(b)(6).

***Analysis***

"The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it'." Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987)(quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)). Plaintiff moves to open the judgment in this case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) states in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court *may* relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made *within a reasonable time*, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b)(emphasis added)[2].

In Stradley v. Cortez, the United States Court of Appeals for the Third Circuit held that "[r]elief under 60(b)(6) is not limited by any strictly defined time period. Rather, relief can be

---

[2]The one-year time limitation on Rule 60(b) motions is not tolled by an appeal. Moolenaar 822 F.2d at 1346n.5. "The one-year limit on motions under the first three clauses runs from the date the judgment was entered in the district court. The motion can be made even though an appeal has been taken and is pending. For this reason, it is held that the pendency of an appeal does not extend the one-year limit." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2866, at 390 (2d ed. 1995).

afforded under this rule if it is sought 'within a reasonable time'." 518 F.2d 488, 493 (3d Cir. 1975). Despite that point, the court also stated: "Nevertheless, Rule 60(b)(6) is *not* intended as a means by which the time limitations of 60(b)(1-3) may be circumvented. Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances and *only* when the relief sought is based upon '*any other reason' than a reason which would warrant relief under 60(b)(1-5)* ." Id. (citing Ackerman v. United States, 340 U.S. 193, 200 (1950); Fed. Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-7 (3d Cir. 1956))(emphasis added).

The court's ruling in Stradley raises two issues pertinent to this case. First, the court notes that plaintiff originally filed his motion for relief from judgment under Rule 60(b)(1-3). On the date of the hearing, plaintiff abruptly filed an additional motion in an attempt to convert his motion to one requesting relief under Rule 60(b)(6). As the court noted earlier, the one-year limitation period for relief under Rule 60(b)(1-3) is not tolled by an appeal. Moolenaar, 822 F.2d at 1346n.5. Plaintiff's motion under Rule 60(b)(1-3), therefore, to be considered by the court at the August 31, 2005 hearing, would have been untimely and denied[3]. The court finds that plaintiff's attempt to re-cast his motion as a Rule 60(b)(6) motion is little more than an attempt to avoid the one-year time limitation under Rule 60(b)(1-3)[4]. Such an end run around the time

---

[3]This court, in an opinion dated August 15, 2002, granted defendant's motion to dismiss. Plaintiff filed his motion under Federal Rule of Civil Procedure 60(b) on March 1, 2005, almost 31 months after the action was dismissed.

[4]The court addressed the issue of plaintiff's move to switch the grounds for his motion from Rule 60(b)(1-3) to Rule 60(b)(6) at the August 31, 2005 hearing. When the court asked plaintiff's counsel why plaintiff filed a motion requesting to switch his original motion under Rule 60(b)(1-3) to Rule 60(b)(6), his response was: "Your honor, I'd like to apologize for that. I'm afraid it was simply an overabundance of caution on our part after reading the response. The original response was filed under 60(b)(1), (2), and (3). *We believe (b)(6) is appropriate in light of their response. It was a last minute decision, unfortunately."* Transcript of August 31, 2005 Motion Hearing at 3 (emphasis added).

limitation period applicable to Rule 60(b)(1-3) is expressly forbidden under applicable precedent. Stradley, 518 F.2d at 493; Gambocz v. Ellmyer, 438 F.2d 915, 916 (3d Cir. 1971)("...[s]ection 6 [of Rule 60(b)] may not be used as a catchall to avoid the one-year limitation.").

Second, the court in Stradley specifically noted that relief under Rule 60(b)(6) is available only for extraordinary circumstances and for reasons that would not warrant relief under Rule 60(b)(1-5). Upon a review of plaintiff's motion and briefing, the court finds that plaintiff complains of the failure of defendant to turn over an employment application during the discovery phase of this case. Plaintiff argues that the failure of defendant to produce this document is the result of misconduct. The accusations and arguments made in plaintiff's motion fall within the provisions of Rule 60(b)(2-3). Those provisions state:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;...

FED. R. CIV. P. 60(b). Just as litigants can not used Rule 60(b)(6) as an avenue to avoid the one-year limitation period under Rule 60(b)(1-3), they can also not use Rule 60(b)(6) to obtain relief that they could have received under one of the other provisions of Rule 60(b). Stradley, 518 F.2d at 493. The issues raised by plaintiff fall under the provisions of Rule 60(b)(2-3) quoted above. The court finds that plaintiff had ample opportunity to raise those points in the year following the entry of judgment against him. As noted above, a motion to dismiss filed by defendant was

granted by this court on August 15, 2002. Plaintiff failed to raise his Rule 60(b)(2-3) issue within a year of that judgment. Rule 60(b)(6) cannot be used as a means to avoid the time limitations applicable to motions filed under Rule 60(b)(1-3).

Even if plaintiff's motion was not a naked attempt to circumvent the requirements of Rule 60(b)(1-3), the motion would still fail. A motion under Rule 60(b)(6) must be timely, i.e. "within a reasonable time." FED. R. CIV. P. 60(b)(6). In this case, plaintiff filed his motion almost 31 months after the motion to dismiss was granted. Various courts have found motions filed much closer in time under Rule 60(b)(6) to be untimely filed. Moolenaar, 822 F.2d at 1348(rejecting an motion under Rule 60(b)(6) as untimely when plaintiff filed the motion two years after the district court's original judgment.); Christian v. All Persons, 277 F.Supp.2d 610, 618n.4 (D.V.I. 2003)(holding that a filing under Rule 60(b)(6) two years after entry of judgment is untimely).

Plaintiff argues that his motion is timely. Plaintiff asserts he did not receive the information relating to his job application with the Postal Service via a Freedom of Information Act ("FOIA") request until after the one-year limitation period applicable to Rule 60(b)(1-3) had expired. That argument is without merit. Plaintiff did not file a FOIA act request for the document until March 3, 2004–19 months after the original judgment. The document was received by plaintiff on March 10, 2004. Despite that fact, plaintiff still did not file his Rule 60(b) motion until almost a year after receiving the application via his FOIA request. In addition, the court notes that the document at issue is an employment application filled out by plaintiff himself with the assistance of his attorney. Ex. 5 to Def's Reponse. Plaintiff cannot, therefore, maintain that he had no prior knowledge of the document or that he was unaware of its existence. If plaintiff felt that this document was important, he certainly could have raised the issue prior to

the March 3, 2004 request. The court finds that plaintiff's motion is not timely under Rule 60(b)(6).

In addition to the timeliness requirement, a motion for relief from judgment under Rule 60(b)(6) must also evidence extraordinary circumstances. Moolenaar, 822 F.2d at 1347 ("the exercise of a district court's discretionary power requires an extraordinary circumstance."); Stradley, 518 F.2d at 493; see Ackerman, 340 U.S. at 200. The court finds that plaintiff's motion does not meet that standard.

Plaintiff's motion rests on the argument that failure to receive a document during discovery rises to the level of extraordinary circumstances required under Rule 60(b)(6). In light of the circumstances of this case, the court disagrees. The court reiterates that the job application in question was a document filled out by plaintiff in the company of his attorney. It is a document that plaintiff knew existed and was well aware of during the pendency of the litigation. These circumstances do not rise to the level of extraordinary circumstances required and do not call for disrupting the sound policy of enforcing the finality of judgments. Courts have found cases of hardship more severe than that faced by plaintiff to be unworthy of relief under Rule 60(b)(6). Moolenaar, 822 F.2d at 1346 (holding that the government's mistake in failing to pass on direct information whether a lease between government and movant included a disputed land area was not extraordinary circumstances under Rule 60(b)(6)); Stradley, 518 F.2d at 495 (holding that it would be improper to overturn a jury verdict merely on plaintiff's allegation that the jury mistakenly returned an incorrect verdict); Ackerman, 340 U.S. at 196-97 (holding that a

de-naturalization judgement was not grounds for extraordinary circumstances under Rule 60(b)(6))[5].

***Conclusion***

After reviewing the plaintiff's motion and briefs, defendant's briefs, and all exhibits, the court finds that plaintiff's motion should be denied because the subject matter of the motion is addressed within Rule 60(b)(1-3) and the motion under Rule 60(b)(6) is merely an attempt to circumvent the time limitations applicable to motions filed under Rule 60(b)(1-3). The court also finds that plaintiff's motion, even if considered under the standards applicable to Rule 60(b)(6), was not timely and did not evidence extraordinary circumstances.

***Order***

**AND NOW**, this 27th day of March, 2006, upon consideration of the parties' arguments and supporting documents,

**IT IS ORDERED** that plaintiff's amended motion to open judgment pursuant to Rule 60(B)(6) (Doc. No. 62) is **DENIED**. The clerk shall mark this case closed.

By the court

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Counsel of Record

---

[5]Plaintiff, in his reply to defendant's brief, attempts to argue that his motion should be construed as an "independent action." The United States Supreme Court held in United States v. Beggerly that independent actions shall lie only "to prevent a grave miscarriage of justice." 524 U.S. 38, 47 (1998). As the court finds that plaintiff did not meet the test for extraordinary circumstances under Rule 60(b)(6), the court also finds that there is no basis for a finding of "a grave miscarriage of justice."